# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

### OF THE

## STATE OF NEVADA

## JULY TERM, 1906.

[No. 1690.]

THE STATE OF NEVADA, EX REL. GEORGE BACH-
ELDER, RELATOR, v. M. A. MURPHY, DISTRICT
JUDGE OF THE FIRST JUDICIAL DISTRICT OF THE STATE
OF NEVADA, RESPONDENT.

1. INSANE PERSONS—ACTIONS—TRIAL PENDING INSANITY. Where relator's
complaint for divorce against his wife alleged that the acts constituting
the cause of action were committed by defendant before she became
insane, her subsequent insanity constituted no ground for the trial
court's refusal to try the cause which was at issue, during the
continuance of such insanity.

2. MANDAMUS—PETITION—ALLEGATIONS—ADMISSION. Where the trial judge
did not deny or answer the allegation of a petition for *mandamus*, that
he had refused ever to try petitioner's divorce case on account of the
insanity of the defendant, such allegation would be regarded as
admitted.

3. JUDGES—DEFECTIVE PROCEEDINGS—DUTY OF JUDGE TO POINT OUT DEFECT.
Where a trial judge was doubtful concerning his jurisdiction to try a
cause because of defects in the service of the summons, it was his duty
to call the attention of counsel to what he regarded as the defects in
the proceedings in order that they might be corrected by amendment,
and not to arbitrarily refuse to try the cause by reason thereof.

ORIGINAL PROCEEDING. *Mandamus* by the State, on rela-
tion of George Bachelder, against the First Judicial District
Court; *M. A. Murphy*, District Judge. **Writ granted.**

The facts sufficiently appear in the opinion.

*Mack & Farrington* and *John Lothrop*, for Relator.

*E. E. Roberts*, for Respondent.

By the Court, FITZGERALD, C. J.:

This is a proceeding in *mandamus* to compel the respondent, as judge of the First Judicial District Court, to proceed to hear and determine the case of *George Bachelder, Plaintiff,* v. *Rose Ann Bachelder, Defendant,* alleged to be pending in said district court.

In his petition relator, among other things, alleges: That he commenced his action for divorce on the 23d day of February, A. D. 1905; that on the 25th day of March, 1905, the defendant appeared in the action through her attorneys, Messrs. Curler & King, they filing an answer to the complaint; that on the 4th day of December, 1905, the respondent set the case for trial before a jury on the 21st day of December, 1905; that on the said 21st day of December, 1905, plaintiff's attorney in said case, C. E. Mack, Esq., appeared and requested the respondent to proceed with the trial of the case; that respondent refused to do so, giving and stating his reasons for so refusing as follows: "The said defendant is insane and confined in the Asylum for Mental Diseases at Reno, Nevada"—and that this relator, through his attorney, the said C. E. Mack, thereupon made a demand upon the said respondent to proceed with the trial of said action, but that the said respondent then and there refused and does now refuse to proceed with the trial thereof, and will not proceed to the trial of said action without an order of this court compelling him so to do. The respondent's refusal to proceed with the trial of the case is based on the fact of the defendant's insanity. The complaint, however, alleged that the acts constituting the cause of action in plaintiff's favor against the defendant were committed by the defendant before the insanity occurred.

Under these circumstances, I think the fact of the insanity of the defendant was not sufficient to justify the respondent in his refusal to proceed with the trial of the case. In his

return or answer to the alternative writ herein, the respondent sets up other matters in justification of his refusal to proceed with the trial, to wit, a doubt whether or not the summons in the action had been properly served, the absence of the defendant's attorneys, etc.  As the case stands on the petition and answer, these matters cannot avail him under his admission that he would never try the case while defendant was insane.  He did not deny or answer the allegation in the petition that on account of the insanity of the defendant he would not even in future try the case.  The allegation stands admitted by the fact of its not being denied. The other matters alleged in the answer to the petition might perhaps have justified the respondent in his refusal to proceed with the trial at the time mentioned.  But, if such were the case, he should have signified to counsel his willingness and intention to proceed with the trial at the proper time, and also have let them know wherein he deemed their proceedings irregular and insufficient, so that they could have amended and corrected them, and at some time gotten a trial of the case.

Therefore, without passing on the question of the sufficiency of the service of summons in the case, or any of the other matters stated in the answer of the respondent, except the single one of the sufficiency of defendant's insanity as a bar to proceeding with the orderly hearing and determination of the case, it is ordered that the mandate of this court issue to the respondent that he proceed with the hearing and determination of the case, of course, first satisfying himself upon all questions of service of summons, guardianship, and jurisdiction.